UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24474-BLOOM/Otazo-Reyes

PPE TRADE & SUPPORT, LLC,

    Plaintiff,

v.

SHELDON JASON BURNETT, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff PPE Trade & Support, LLC's ("Plaintiff") Complaint, ECF No. [1]. The Court has reviewed the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

On March December 29, 2021, Plaintiff initiated this action against Defendants Sheldon Jason Burnett, Sheldon Jason Burnett, Esq., P.A., and Analytics Associates, LLC ("Defendants").

Case No. 21-cv-24474-BLOOM/Otazo-Reyes

*See generally* ECF No. [1]. The Complaint alleges that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332. *Id.* ¶ 5. However, complete diversity between Plaintiff and Defendants is not apparent on the face of the Complaint. The Complaint states, in relevant part:

> Plaintiff, PPE Trade & Support, LLC is a limited liability company formed and existing under the laws of the State of Delaware. Its main office and headquarters are located in Los Angeles, California. It is a citizen of California for purposes of diversity jurisdiction. Plaintiff's Chief Operating Officer is Mr. Yida Gao.
>
> Defendant, Sheldon Jason Burnett is a Florida resident, with business operations in Florida and is otherwise sui *juris*.
>
> Defendant Sheldon Jason Burnett, Esq. P.A. is a professional association whose registered mailing address with the Florida Bar is 11395 S.W. 95th Street, Miami, Florida 33176. Burnett Law is a citizen of Florida for diversity purposes because its nerve center is in Florida. The Florida Bar's online records indicate that Burnett Law has just one attorney, Burnett.
>
> Defendant, Analytics Associates, LLC. is headquartered in Albuquerque, New Mexico, and is a citizen of Florida for purposes of diversity jurisdiction by virtue of its conducting business in Miami, Florida through its agent and principal, Burnett, who signs off on invoices for Analytics as its "President."

*Id.* ¶¶ 1-4.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, the Complaint fails to sufficiently allege the citizenship of Plaintiff and Analytics Associates, LLC ("Unincorporated Parties") because it does not identify the members of each "limited liability company [or] their respective states of citizenship." ECF No. [1] ¶¶ 1, 4. As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is

Case No. 21-cv-24474-BLOOM/Otazo-Reyes

**DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking diversity jurisdiction by **January 6, 2022.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record